ALBANY,
Oct. 1825.

Ogden
v.
Payne.

---

*H. Stephens,* for the defendant moved to set aside the *capias,* and all subsequent proceedings.

---

### OGDEN *against* PAYNE and HOLMES.

THIS cause, which was assumpsit, being noticed for trial at the last Saratoga Circuit, the defendant's counsel, on an affidavit of Payne, that H. F. L. the attorney for the plaintiff unless circumstances of suspicion appear from counter affidavits, or otherwise.

The ordinary affidavit is sufficient to put off a cause at the circuit,

It is not a circumstance of suspicion requiring more than the ordinary affidavit, that the witness, on account of whose absence the defendant applies to put off the cause, is the attorney of the plaintiff.

tiff, was a material witness for him in the cause, as he was advised by counsel and verily believed to be true; that he could not safely proceed to trial without his testimony; that he had endeavored to subpœna him, but he had gone a journey as he was informed, to Philadelphia, and that he could not serve him with a subpœna; moved to put off the trial, on the usual terms; but it appearing that Mr. L. was the attorney for the plaintiff, the Judge required the defendants to state, by affidavit, what they expected to prove by him, in order that it might be seen whether the facts he would be called on to prove were not communicated to him professionally in the course of the cause. This the defendant's counsel declined to do; and the Judge ordered the trial to proceed. Whereupon the defendant's counsel declined to appear, and an inquest was taken by default.

*L. H. Palmer,* for the defendants, now moved to set aside the inquest, for irregularity.

*E. Cowen,* contra, cited 3 Burr. Rep. 1514.

*Curia.* No doubt, according to the case cited from Burrow, the Judge has a discretion in certain cases, whether he will put off the trial upon the common affidavit. This is a very rational rule; and it is important that it should some times be exercised to prevent delay; but the rule does not attach unless, by counter affidavits, or otherwise, circumstances of suspicion are made to appear. Nothing of the kind appeared in this instance. It is the common case of a motion to put off the trial, for the absence of a material witness, whose attendance ordinary diligence could not procure. The action was assumpsit. We do not see that suspicion could attach from the mere fact that the witness was the attorney for the plaintiff. There is nothing unusual in such a circumstance, and the defendants should not be holden to disclose particulars. It might give the opposite party an undue advantage; and should not be required in the usual case.

RULE: That the inquest be set aside and a new trial granted, on payment of the costs of the Circuit to the time of ap-

plying to the Judge to put off the trial ; and that the residue of the costs abide the event of the suit.