# SUPREME COURT

# SPECIAL TERM REPORTS.

## VOL. 3. NO. 2.

### WM. W. PULVER vs. WARDEN HISERODT.

On motion for the first time to put off the trial of a cause at the circuit where there are no circumstances of suspicion, the common affidavit is sufficient, and the Defendant cannot be required to state what he expects to prove by the absent witness. (5 Cow. 15; 6 id. 577; 7 id. 383; 3 Hill, 323.)

On a second motion to put off the trial at a subsequent circuit, on account of the absence of another witness who is material, where there is a plain case made out, and there is nothing to induce the belief that the motion is merely for delay; the common affidavit is sufficient, and the Defendant will not be required to state what he expects to prove by such witness, and especially where it appears that the cause was not reached on the calendar at the first circuit, at which Defendant put it off, on account of the absence of a different witness.

It is settled that decisions at the circuit upon such questions, may be reviewed in this court.

*April Special Term,* 1847. *Motion by Defendant to set aside verdict and subsequent proceedings.*—This motion was made on the ground that the circuit judge before whom the cause was tried, erroneously refused to put off the trial for the circuit, upon the Defendant's application; who alleged the absence of a material witness, which was necessary for him on the trial. The cause was noticed for trial, and put upon the calendar for the Dutchess circuit, held on the 16th of November last. There was also noticed for trial at the same time and place another cause, wherein Esther Pulver was Plaintiff against the same Defendant.

Defendant's counsel read an affidavit showing that one Amanda Finch, of Pine Plains, Dutchess county, was a material witness for him, and that

7

she was not in this state, but had been found in the state of Connecticut, and duly subpœnaed by Defendant according to the laws of this state.   It appeared that both of the causes had been put off by Defendant, at the previous March circuit, on account of the absence of another witness, and that Amanda Finch was in attendance as a witness at the circuit; and that neither of the causes were reached at the March circuit.

The circuit judge refused to put off the trial of either of the causes, unless the Defendant would state in his affidavit what he expected to prove by the witness, Amanda Finch.   This the Defendant declined to do; and on *Plaintiff's* motion this cause was tried, under objection of Defendant's counsel, who did not defend; and a verdict of $5,000, rendered in favor of Plaintiff.

In opposition to this motion, it was insisted, from the facts disclosed in the Plaintiff's papers, that there would be danger of losing the judgment, if a new trial was granted.

K. MILLER, *Defts Counsel.*        JOHN W. BROWN, *Defts Atty.*

A. TABER, *Plffs Counsel.*         WILLIAM ENO, *Plffs Atty.*

BRONSON, Chief Justice.—On motion for the first time to put off the trial of a cause where there are no circumstances of suspicion, the common affidavit is sufficient, and the Defendant cannot be required to state what he expects to prove by the absent witness.   *Ogden* v. *Payne,* 5 Cow. 15; *Hooker* v. *Rogers,* 6 id. 577; *The People* v. *Vermilyea,* 7 id. 383; *Onderdonk* v. *Rantlett,* 3 Hill, 323.)   Although the Defendant had moved to put off the trial in March, that cannot properly be taken into the account, for the reason that the cause was not reached, and could not have been tried at that circuit, if no application for a postponement had been made.   A plain case was made out for putting off the trial at the November circuit, unless there was something to induce the belief that the motion was intended merely for delay.   I have been unable to discover any just ground for saying that the application was not made in perfect good faith.   The Defendant had taken all proper means to secure the attendance of the witness, who for some unexplained reason had left the state just before the circuit, and probably for the very purpose of getting beyond the reach of a subpœna.   She had been subpœnaed by the Defendant, and had attended the previous March circuit, and there was no just ground for doubt, that she was regarded by him as a material and necessary witness.

The fact that the Defendant had moved to put off the trial in March,

on account of the absence of Vandewater, proved nothing against his application in November, on account of the absence of another witness. There was nothing to show that all the Defendant had sworn to about Vandewater was not strictly true; and if the Defendant had not taken all the proper measures for obtaining his testimony, by commission or otherwise, for the November circuit, that was not a sufficient reason for compelling him to go to trial in the absence of another material witness.

Although the Plaintiff swore to his belief that the Defendant was "putting all his property out of his hands," that was not a sufficient reason for refusing to postpone the trial; nor was there anything in the nature of the action which should deprive the Defendant of a fair and reasonable opportunity to be heard in his defence.

It would perhaps have been as well if questions of this kind had been left to the discretion of the judge who holds the circuit, without any review; but it is settled that decisions at the circuit upon such questions may be reviewed; and if we follow the adjudged cases, this verdict cannot stand.

*Verdict and subsequent proceedings set aside, and a new trial granted, on payment by the Defendant of the costs of that circuit, up to the time that the circuit judge finally refused to put off the trial of the cause.*