EATON *vs.* NORTH and EDMUNDS.

What is sufficient proof of the materiality of a witness, in a justice's court, upon an application for a commission.

The fact that the party applying for a commission is not a resident of the county where the justice resides, and is absent therefrom, is a sufficient excuse for the making of the affidavit in support of the application, by the attorney, instead of the party.

Where no laches is imputable to a party applying for a commission, and there is nothing to cast suspicion upon the application, he is not bound to state what he expects to prove by the witness whose testimony he seeks to procure.

APPEAL from the Otsego county court.   The action was commenced before a justice of the peace by Eaton, against North and Edmunds, to recover the value of a watch, chain and key, alledged to have been taken and converted by the defendants to their own use.   The plaintiff claimed to recover $37.   The defendants' answer was simply a denial of the allegations in the complaint.   After issue was joined, the plaintiff, upon notice to the defendants, applied for a commission to be directed to Lodowick Mott, of Parkersburgh, Virginia, to examine Nathaniel Mott, of the same place, as a witness.   The affidavit upon which this application was founded, was made by the plaintiff's attorney.   He swore that he made the affidavit because the plaintiff was not present, but absent as the deponent believed, at his residence in Oswego county; that a witness not residing in the county of Otsego, nor in an adjoining county, but in the state of Virginia, as the deponent *was informed and believed* to be true, was material in the prosecution of the action, and without whose testimony the plaintiff could not safely proceed to trial. The counsel for the defendants asked the plaintiff's attorney how he knew of Mott's residence being in Virgiuia; to which he replied that he was so informed by Mr. Caswell, the deputy postmaster at Schuyler's Lake, who had recently mailed letters to Mott directed to Parkersburgh.   The plaintiff's attorney was then asked what facts he expected to prove by Mott; which question he refused to answer.   The justice denied the applica-

Eaton v. North.

tion for a commission, and proceeded to the trial of the cause. No witnesses were introduced on the part of the defendants. The justice rendered a judgment in favor of the defendants for $3,40, the costs of suit; and on appeal the county court affirmed the judgment. Whereupon the plaintiff appealed to this court.

*J. B. Elwood,* for the appellant.

*F. Kernan,* for the respondents.

*By the Court,* GRIDLEY, J. On an attentive examination of the affidavit on which the plaintiff moved for a commission, we think that the materiality of the absent witness was positively sworn to. The qualification of the previous allegation by a statement of the information and belief of the person making the affidavit, refers to its immediate antecedent, viz. the residence of the absent witness in Virginia. And so it seems to have been understood at the trial; for the defendants' counsel questioned the witness as to his means of knowledge concerning the statement that the absent witness resided at Parkersburgh, the place mentioned in the notice of motion for the commission; and his answers were satisfactory. A sufficient excuse was contained in the affidavit for the making of it by the attorney, instead of the party. The materiality of the witness was positively sworn to, and inasmuch as the counsel *might* know the fact of materiality, from personal knowledge, we are bound to believe he did. There was no want of probability that the testimony could be obtained on the commission; nor do we see any reasonable ground for refusing the commission. All the requisites of the act (*Laws of* 1838, 232, § 2) were complied with; and the authorities cited to show that the application should have been denied, require nothing but what is fully stated in this affidavit.

The defendants' counsel, after having been informed by the witness of his grounds for believing that the absent witness Mott resided at Parkersburgh, Virginia, proceeded to inquire of him what facts he wished or expected to prove by the absent witness. This question he refused to answer, and thereupon the justice

denied the application. He doubtless denied the application because this question was not answered; and in that he erred. No laches was imputable to the plaintiff, and there was nothing to cast suspicion over the application. In such a case, it is settled that the applicant is not bound to state what he expects to prove by the witness whose testimony he seeks to procure. (*See The People* v. *Vermilya,* 6 *Cowen,* 369.)

There is nothing in the other grounds of error complained of; but on this ground the judgment of the county court and of the justice must be reversed.

Judgment reversed.

---

SAME TERM.   *Before the same Justices.*