By the Court.—Mo well, Ch. J.
The exception-to the decision of the motion, for a new trial upon the-minutes of the court, is unavailable upon the appeal from the judgment. The only mode for reviewing such decision is by an appeal from the order,, and for the purpose of such appeal, an order must be entered, and a case or exceptions settled in the usual form-{Code. § 264, sub. 4).
An exception to be available on appeal from a judgment, must be to a decision made upon the trial of the action. A motion for a new trial, whether made before-the judge who tried the action, upon his minutes, or to-the special term, upon a case or exceptions, is a proceeding in the action after the trial. A motion made-upon the minutes is but a substitute for the motion at. special term. And, although a formal case or exceptions is not required, yet, after the decision, upon an appeal, a case or exceptions must be settled in the-usual form.
*425 The grounds upon , which the motion can be made, are exceptions, insufficient evidence, or excessive damages. All of these occur or arise at the trial, and are brought up for review after the trial, upon a new proceeding, and upon an independent motion.
To obtain a review of questions of fact, in cases tried by a jury, a motion of this character is necessary. An appeal from the judgment presents questions of law only. A denial of a motion for a new trial, enables a party aggrieved by it, to present all the grounds, including insufficiency of evidence, and excessiveness of damages, to the appellate court for review. And in no other manner can these questions be examined. I am aware that motions for a new trial, made upon the minutes of the court, are required to be heard at the same term at which the trial is had ; and that it is most usually made immediately at, or upon, the rendition of the verdict. But in legal effect it is in fact made after the trial is ended.
Upon receiving the verdict, the clerk is directed to make a minute of it, and to enter judgment in conformity with it. The trial is terminated by the rendition and entry of the verdict; the entering of judgment being a mere clerical act.
We can not, therefore, examine the exception to the decision of the motion for a new trial.
But another decision was made to which there was an exception, and upon which two questions are presented.
First. Whether a decision overruling a motion for the postponement of the trial of an action is the subject of an exception:—and,
■ Second. Whether the decision in this case was correct.
The first of these questions was in part examined by this court, in Howard v. Freeman (7 Hoht. 25), where, after an elaborate review of the practice, it is *426 stated, that a defendant, defeated in his motion for a postponement, may pursue one of two remedies. He may withdraw from the trial, and afterwards move on affidavits, at special term, to set the inquest aside ; or, he may appear and defend at the trial, and afterwards make a motion at special term upon a case for a new trial. The only exception to these modes is, where the trial is by the court without a jury, when the objection can be presented on an appeal from the judgment.
The case cited, however, does not, in terms, detertermine that upon a trial by jury, the objection can only be taken by motion at special term.
In that case the defendant withdrew from the trial, and an inquest was taken. He thereupon moved at special term to vacate the judgment. It was not necessary, therefore, to determine in that case, whether in trials by a jury, the motion was confined to the special term.
The difference in the manner of reviewing trials with and without a jury, is clearly defined. In the former, all motions for a new trial, properly speaking, must be made at the special term. Exceptions ordered to be heard at the general term in the first instance, may be sustained and a new trial ordered ; so an appeal from a judgment, presenting only questions of law, may lead to a reversal, and the granting of a new trial, but these are not called or denominated motions for a new trial. While in the latter case, i. e., trials without a jury, the motion for a new trial can, ordinarily, be made only by appeal from the judgment. In either mode of trial, for certain irregularities, for surprise, on the ground of newly discovered evidence, misconduct and the like, the motion must always be made in the first instance, at the special term ; and can in no case be heard upon an appeal from the judgment. An appeal from the order denying the motion may be taken, and may be heard in conjunction with the appeal from *427 thé judgment. The practice under the former system invariably was to move at special term upon affidavits (Ogden v. Payne, 5 Cow. 15 ; Hooker v. Rogers, 6 Id. 577; 1 Burrill's Pr. 423). And I can not find any case since the code, in which the question is presented, that lias arisen otherwise than by motion (Howard v. Freeman, supra ; S. C., 6 Robt 511).
The denial of a motion to postpone the trial of an •action is not conclusive. It has always been the subject of review, formerly by motion, and under the present system, by motion or appeal.
The distinction which was taken in Howard v. Freeman (supra), as to the different modes of review in actions tried with and without a jury, appears to me to be unnecessarily drawn in that case, for there can be no reason for a different practice to attain the same end. Therefore, whether the trial is by a jury or without a jury, the mode of reviewing a decision of this nature should be the same. Hpon grounds requiring a special motion, the motion should be at special term,- whatever the form of trial. But where the decision can be examined, on an appeal from the judgment, it should be allowed alike, whether the trial was by jury or otherwise.
In Howard v. Freeman, it is admitted, that in actions tried by the court alone, the denial of such a motion, may be reviewed on an appeal from the judgment. This assumes that it is a matter or subject arising upon the trial, which presents a question of law. For if the subject arose before or after the trial, it could not get into the record of the trial, or form a part of the judgment roll. In that case, the motion would have to be made at the special term.
A motion to postpone is, ordinarily, made after the •action is called for trial, and the disposal of the motion is a proceeding in the trial; and as the decision is *428 reviewable, it necessarily involves a question of law, and must, therefore, be the subject of an exception.
Although motions for a new trial, in actions tried by a jury, must, ordinarily, be made at a special term, yet, if upon such trials questions of law only are presented, an appeal from the' judgment will authorize a review of such questions, without first going to the special term (Qode, § 348).
In the case before us, the trial was by a jury. • The motion to postpone made at the opening of the trial was denied, and an exception to the decision taken. A case containing, the affidavit, upon which the motion was founded and the exception, was settled and annexed to the judgment roll, and is now before us on this appeal from the judgment.
The question is, therefore, it seems to me, properly before us. Had the motion been made at special term, an appeal could have been taken from its decision to the general term ; and I can see no reason for going first to the special term, when, if the case on appeal from the judgment, presents the exception, and the evidence on which the decision excepted to, was made, a review can be had with less labor and expense to the parties,” by allowing the review to be had on an appeal to the general term from the judgment.
There is nothing in the code to prohibit this practice, and there are good reasons for adopting it.
The affidavit upon which the motion to postpone was made is in the usual form. It contains an affidavit of merits, swears to the absence of a witness, the materiality of his testimony, due diligence to procure his attendance, and a belief in his probable attendance at the adjourned day.
These are all the essential elements of an affidavit usually required for such a motion (1 Phillipps Ev. 17, and vol. 3, p. 41, note 43). But the defendants in this case went further, and disclosed the evidence they *429 expected to obtain from the witness, which evidence was material to their defense, and they also affirmed, that the application for the postponement was made in good faith and not for purposes of delay.
Mo counter affidavit was read, and there was nothing to impeach the veracity of the statements, or cast suspicion upon the application. Mothing of what transpired at the trial, if there was anything besides the defendants’ affidavit, is furnished by the printed case. The affidavit not having been contradicted, its statements must be considered, as true, and was sufficient to have required a postponement of the trial. In Hooker v. Rogers (ubi sup.), the court say, the usual affidavit is sufficient upon the first motion, “ unless circumstances of suspicion appear in some way, inducing a belief that the application is intended merely for delay.”
What circumstances there were in this case, if there were any, to impugn the good faith of the application, or to excite a suspicion or raise a doubt against the defendants, do not appear, as the case contains nothing more than the affidavit of the defendants, and no. other fact or statement whatever; and, therefore, looking, a,s we must, only at the affidavit, we are at a loss for a reason for denying the motion.
The judgment should be reversed, and a new trial ordered, with costs to the appellants, to abide the event.
The importance of the conclusion in this case will readily be seen. The practice -in resisting motions to postpone the trial of causes, has usually been loose and informal. Oral statements of facts are made, and accepted by the court and opposing counsel, and they are often deemed sufficient to defeat the motion; but they never afterwards get into the case. Hence, upon an exception and appeal, the court, as in this case, can only look at the papers furnished, and are not at lib *430 erty to conjecture or speculate, as to what may have otherwise transpired on the trial.
It is very possible that in the case before us, some statement was made, or some fact was known to the court, which cast suspicion upon the good faith of the application, and induced a denial of the motion. But nothing of the kind appears in the appeal papers.
It will be necessary, therefore, either to have the oral statements entered upon the record, or the facts put in the form of an affidavit, so that they or it can afterwards go into the case, otherwise they will be unavailable upon the appeal.
Freedman and Sedgwick, JJ., concurred.