NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—December, 1883 ; *again,* June, 1884.

## CADMUS V. OAKLEY.

*In the matter of the application for probate of a paper
propounded as the will of* ANN VOORHIS, *de-
ceased.*

Upon an application for the probate of a paper propounded as the will of
decedent, who was over 80 years of age, proponent rested after
examining the two subscribing witnesses, having failed to prove
either (1) that any portion of the paper was read aloud at the time of
execution, or (2) that its contents were mentioned by decedent, or by
any one in her presence, or (3) that it was prepared by her, or that
she had read it, or could read it.—

*Held,* that additional evidence was requisite, to justify a decree admitting
the instrument to probate.

Under Code Civ. Pro., ch. 9, tit. 3, art. 2, relating to " depositions taken
without the State for use within the State," made applicable to Surro-
gates' courts by id., § 2538, an affidavit in support of an application
for a commission to take the deposition of a witness need not set
forth facts and circumstances calculated to satisfy the court of the
materiality of the witness sought to be examined. General Rule of
Practice, No. 83, does not apply to such an affidavit.

During the pendency of a special proceeding instituted to procure the
probate of a will, and before proponent had rested, certain persons
named in the alleged will as residuary legatees applied to the court,
for a commission to take the deposition of a witness without the
State of New York, to be used in support of the will, in the pending
proceeding, upon an affidavit of their attorney, to the effect that, in
his opinion, the testimony of the proposed deponent was "material
to the legatees and proponent in the prosecution of this proceeding,"
his opinion being stated to be formed upon information had as to
what such proposed deponent could and would swear to. Upon
objection that the affidavit was insufficient, and the application un-
timely,—

*Held,* that the application should not be denied on account of the failure
of the affidavit to show the nature and materiality of the proposed

testimony ; nor because the case was yet with proponent—this being a matter merely of the order of proof, and within the Surrogate's discretion.

The provision of Code Civ. Pro., § 889, that notice of an application for a commission, to take the deposition of a witness without the State for use within the State, "must be given to the adverse party, unless he is in default for want of an appearance," renders it necessary that legatees who have intervened upon probate proceedings, under id., § 2617, but not declared themselves as either for or against the will, should receive notice of such an application made by a party cited.

PETITION for the probate of decedent's will, presented by Gilbert Oakley, an executor therein named ; opposed by M. Sanford Cadmus, and others, heirs at law of decedent. The facts appear sufficiently in the opinion.

D. M. HELM, D. N. ROWAN *and* W. J. DAVIS, *for executors and proponents.*

CHAS. E. TRACY, *for residuary legatees.*

L. H. ROWAN *and* GEO. W. LYON, *for contestants.*

TOWNSEND WANDELL, *special guardian.*

THE SURROGATE.—This is a controversy over the probate of a paper propounded as decedent's will. The proponent has rested, after examining the two subscribing witnesses. Contestants' counsel now moves that probate be denied the instrument in question, for the lack of satisfactory proof of its execution. He particularly insists that there is no evidence from which the Surrogate can justly find that the decedent, when she executed the disputed paper, was acquainted with its contents.

Upon examination of the evidence, I find that there has been a failure to prove any of the propositions specified below :

1. That any portion of the paper, save perhaps its attestation clause, was read aloud at the time of its execution.

2. That its contents were then the subject of remark by the decedent, or by any other person in her presence.

3. That the instrument was prepared by her direction, or that she had ever read it, or that she was capable of reading it.

Under ordinary circumstances, the law will presume that one has knowledge of the contents of a paper which he subscribes as his will.

But we are here shut up to the testimony of two attesting witnesses, neither of whom knows whether or not the decedent (who was over 80 years of age) could read for herself the provisions of the disputed paper, or had in any manner become advised of its contents.

I think that, as to this matter, the proponent ought to furnish additional evidence. This may be done at the next hearing before the referee.

Subsequently, application was made by the American Bible Society and the American Home Missionary Society, named as residuary legatees in the alleged will, for a commission to take the deposition of a witness without the State of New York, for use, in support of the proceedings instituted by the executor for the pro-

bate thereof. Whereupon, the following opinion was filed, in June, 1884:

THE SURROGATE.—This is an application for the issuance of a commission to take the deposition of a witness without the State of New York, to be used in the proceeding now pending in this court for the probate of a paper propounded as decedent's will. It is founded upon the provisions of chapter 9, title 3, article 2 (§§ 887 to 913) of the Code of Civil Procedure, which provisions are, by § 2538 of that Code, made applicable to a Surrogate's court.

Section 887 declares that "in a case specified in the next section, where it appears by affidavit, on the application of either party, that the testimony of one or more witnesses not within the State is material to the applicant, a commission may be issued," etc.

The affidavit in support of this application is made by the attorney for certain persons named in the alleged will as residuary legatees. "The testimony of Ann Blake," says the affiant, "is, in my opinion, material to the legatees and proponent in the prosecution of this proceeding. My opinion is formed upon what her brother, who, at my request, has inquired what she can testify to, says that she can and is willing to swear to."

Counsel for certain of the contestants opposes, upon several grounds, the issuance of a commission. His principal objection is that the affidavit is defective, because of its failure to show the nature of the testimony which can be given by the proposed witness, and thus to enable the Surrogate to satisfy himself whether or not that testimony is material.

There is a close resemblance between the provisions of § 887, upon which the present application is based, and those of § 872, which prescribe what must be the contents of an affidavit in support of an application for the taking within this State of depositions to be here used. For regulating the procedure under the latter section, the Supreme court has prescribed a rule (No. 83) in these words : " When an examination is required under sections 870, 871 and 872 of the Code of Civil Procedure, the affidavit shall specify the facts and circumstances which show . . . . that the examination of the person is material and necessary." The rule just quoted is one of the " General Rules of Practice" adopted in December, 1880. It is couched in the same language as No. 89 of the General Rules adopted in 1877, and its terms vary little from those of No. 21 of the Rules of 1871 and 1874. Now the affidavit in the case at bar, if it is to be tried by the tests which the Supreme court has established as applicable to § 872 or by any similar tests, is manifestly insufficient (Tennel v. Photo Plate Co., *1 Law Bul.*, *38;* Matter of Bryan, *3 Abb. N. C.*, *289;* Simmonds v. Hudson, *4 Abb. N. C.*, *247;* Greer v. Allen, *15 Hun, 432;* Hale v. Rogers, *22 Hun, 19;* Crooke v. Corbin, *23 Hun, 176*).

No authorities, however, have been cited by the contestant's counsel, and none have fallen under my own observation, which hold that the procedure under § 887 should be subjected to the limitations established by the Supreme court Rule and the decisions just cited. Indeed, such reported cases as I have discovered tend to favor, rather than to oppose, the claim of counsel for the residuary legatees, that an affidavit in support of

an application for a commission under § 887 need not ordinarily set forth facts and circumstances calculated of themselves to satisfy the court of the materiality of the witnesses sought to be examined.

The modes of procedure established by the present Code do not, in this regard, essentially differ from those in force before its enactment. It is useful, therefore, to refer to some of the earlier decisions of the courts of this State. In Beall v. Dey (*7 Wend., 513*), an application for a commission was opposed upon the ground that the moving affidavit was made not by the party, but by his attorney; and that, although the affiant stated that the witness, whose examination was sought, was material to the defence, he did not add that he was so advised by counsel. The court held that the challenged affidavit was sufficient. The circumstance that it did not set forth such facts as to disclose the materiality of the witness, whose examination was applied for, was not distinctly the subject of objection; but the decision is instructive as indicating the general course of practice, and it is apparent that, if the affidavit had been made by the party instead of by his counsel, a general allegation of materiality would have been deemed sufficient.

In Eaton v. North (*7 Barb., 631*), the affidavit used as the basis of the application was made by the plaintiff's attorney. It alleged that a certain witness was material in the prosecution of the action, and that without his testimony the plaintiff could not safely proceed to trial. *He refused to state, upon inquiry, what facts he expected to prove by the proposed witness.* His application was thereupon denied. The Supreme court

held, on appeal, that this denial was error; that, in the absence of laches and of suspicious circumstances, an applicant for a commission to examine a witness was not bound to state what that witness was wanted to prove. The court based its decision in part upon People v. Vermilyea (*7 Cowen, 369*), and likened an application for a commission to take testimony to a motion for the postponement of a trial on the ground of the absence of witnesses. The affidavit in People v. Vermilyea, in fact, contained allegations which established the materiality of the testimony of the absent witness. But the Supreme court said (SAVAGE, Ch. J., pronouncing the opinion): "This was going further than was necessary in the first instance, unless laches were imputable."

In support of the decision in the case just cited, see also Hooker v. Rogers (*6 Cowen, 577*); Pulver v. Hiserodt (*3 How. Pr., 49*); Onderdonk v. Ranlett (*3 Hill, 323*); Ogden v. Payne (*5 Cowen, 15*); De Shay v. Persse (*9 Abb., 289*, note).

Upon the whole, therefore, I conclude that, in the proceedings at bar, the motion for a commission ought not to be denied because of any shortcomings in the affidavit upon which it is founded.

Certain other objections have been urged by counsel for the contestants. It is claimed that the case is now with the proponents, and that, until they have concluded, residuary legatees should not be suffered to introduce the testimony of a witness called at their own instance. This is a matter of the order of proof, and is purely within the discretion of the Surrogate.

If the proposed witness is to be examined, I think

that such examination may properly be had at once. A more serious objection is involved in the claim that the applicant has not brought before the court all parties entitled to notice. Such notice must, in accordance with § 889, be given to the "adverse party."

Now certain legatees have appeared in these proceedings, as they have had the right to do under § 2617 of the Code, and, so far as the record discloses, they have not as yet declared themselves as supporting or opposing probate.

The question whether or not they are "adverse parties" within the meaning of § 889 is one which is not free from doubt. Unless they have already received notice of this application, it is certainly prudent to notify them before entering an order upon this motion.

I think, too, that in view of the provisions of § 895, declaring that §§ 893 and 894 "are not applicable where the *adverse party* is an infant," whatever commission is issued should be limited to an examination by written interrogatories.