ORVIN C. DRYER AND CHARLES A. DRYER, APPELLANTS, *v.* THOMAS SEXSMITH, RESPONDENT.

*Justice's Court — power of the justice to issue a commission to examine a witness — when he may refuse to do so — Code of Civil Procedure, sec. 2980.*

Although the right of a party to an action in a Justice's Court to have the justice award a commission to examine a witness not residing in the county, as provided in section 2980 of the Code of Civil Procedure, is a substantial one, and an arbitrary refusal of the justice to issue a commission would require a reversal of his judgment, yet the power to issue the commission is a discretionary one, and the justice may properly refuse to issue it, when no possible benefit could accrue to the party applying for it; as for example, where he declines to ask for an adjournment until the examination can be had and a return thereto made.

APPEAL by the plaintiffs from a judgment of the County Court of Monroe county, reversing a judgment recovered by the plaintiffs in a Justice's Court.

*J. A. Stull,* for the appellants.

*T. E. Bramble,* for the respondent.

CORLETT, J. :

On the 9th day of August, 1884, the plaintiffs commenced a suit against the defendant in a Justice's Court to recover $160.07, balance due for coal and lumber sold and delivered to the defendant. On the return day of the summons both parties appeared by counsel. The complaint consisted of the items of the plaintiffs' account, which was denied by the defendant, who also set up other defenses. After issue joined the defendant applied upon an affidavit for a commission to take the testimony of one James J. McQuestan, of Fairport, Chautauqua county. The proceedings upon that application are stated in the justice's returns as follows : " Defendant here asked for a commission and filed a written affidavit to obtain the said commission, which is hereto annexed and marked " C." Plaintiffs object to any adjournment without the undertaking required by the statute. Defendant says he does not ask *for an adjournment,* and said he would not give any security. Court declined to issue a commission as the defendant did not give the undertaking demanded by the plaintiffs.

Section 2980, Code of Civil Procedure, provides " where it appears that a witness not within the county where the action is pending, or an adjoining county, is material in the prosecution or defense of the action, the justice may award a commission," etc.

It is very clear that in a proper case the right to a commission is a substantial one, otherwise the ends of justice might be defeated, at the same time the power vested in the justice to issue one is, in its broadest sense, discretionary. If, upon a proper affidavit, the justice should arbitrarily refuse to issue a commission when no good reason appeared to the contrary, the judgment would be reversed. (*Parmelee* v. *Thompson,* 7 Hill, 77 ; *Eaton* v. *North,* 7 Barb., 631.) But while it appears that no possible benefit could accrue to the party applying, it would be folly to grant it. In this case the action

was before a Justice's Court in the county of Monroe. The witness, to obtain whose testimony the commission was applied for, resided in the county of Chautauqua. It is self-evident that without an adjournment a commission would be useless. The learned counsel for the respondent so stated in his argument.

After issue joined, and the plaintiffs had demanded an undertaking as a condition of the adjournment, which they could have insisted upon as a matter of right, the defendant, as the return shows, not only refused to give an undertaking, but distinctly stated that he did not ask for an adjournment. When these facts appeared, it became the duty of the justice, in the exercise of a wise discretion, to deny the application for a commission, the granting of which would not aid the applicant. It would be a useless ceremony, which in no aspect of the case could further the ends of justice. The complaint, although informal, furnished full information to the defendant; no objection on that ground was raised upon the trial. The evidence on the part of the plaintiffs tended to show a balance due, as contained in the complaint. The proof given on the part of the plaintiffs was general. The defendant made no objection and it is too late to make it now. If, in any respect, the proof was defective, a specific objection would have furnished the plaintiffs an opportunity to supply the deficiency. The proof warranted the result.

The judgment of the County Court must be reversed and that of the Justices' affirmed, with costs.

Present — HAIGHT, BRADLEY and CORLETT, JJ.

Judgment of the County Court reversed and that of the Justices' affirmed.