In the Matter of the Application to Compel the Final Judicial Settlement of the Accounts of JAMES NEALE PLUMB, as Guardian of the Person and Estate of MARIE JEANNETTE PLUMB, an Infant.

*Surrogate's Court — power to issue a commission to examine witnesses without the State.*

Section 2538 of the Code of Civil Procedure, making sections 887 and 888 thereof applicable "to Surrogates' Courts, and to the proceedings therein, so far as they can be applied to the substance and subject-matter of a proceeding, without regard to its form," gives a surrogate power to issue a commission to take the testimony of witnesses in a foreign country in a proceeding pending in his court.

Appeal by James Neale Plumb, as general guardian of the person and estate of Marie Jeannette Plumb, formerly an infant, from an order, entered in the office of the surrogate of the county of New York on the 30th day of December, 1891, directing that a commission issue to examine certain witnesses in London, England, on behalf of Marie Jeannette Plumb, upon interrogatories and cross-interrogatories annexed thereto.

*Henry Thompson*, for James Neale Plumb, general guardian, etc., appellant.

*David McClure*, for Marie Jeannette Plumb, respondent.

O'Brien, J.

The appellant claims that, upon the law and upon the facts used as the basis of the application for a commission, the order made by the surrogate should not have been granted.

In determining whether the facts upon the application would justify the granting of the order, we think the true test to apply would be to consider what, in the absence of any opposing affidavits by the appellant, would have been the duty of the surrogate.

Applying this test, we think there was sufficient to justify the order. The presentation of the opposing affidavits, while we may concede that they destroyed the force and effect of all or nearly all the statements contained in the affidavits used to support the application for a commission, left the subject in a position where it became necessary for the surrogate to determine as to the credibility and weight to be attached to the conflicting affidavits, and upon motions of this character where the judgment of the court below is to be exercised, and the matter to a great extent is within its discretion, the conclusion reached will not be disturbed except in cases where it can be seen that the discretion has been illegally or arbitrarily exercised in favor of granting or denying the application. With this rule in mind, we have examined the papers presented, and do not feel that we would be justified in reversing the conclusion reached by the surrogate upon conflicting affidavits.

The serious and important question, however, raised by this appeal relates to the question of whether under the law the surrogate has any power to issue a commission at all. The effect of a decision as contended for by appellant would be to deprive the surrogate of all power in any proceeding pending before him to issue a commission, and in view of the serious results that would follow from such a conclusion, it should not be adopted unless the law demands it.

There can be no question but that, prior to its repeal in 1880 (Laws of 1880, chap. 245, § 1) the surrogate had power to issue a commission, such power having been expressly conferred by chapter 460 of the Laws of 1837, section 77.

Since the repeal of the act of 1837, by the general repeal of the act of 1880, the subject of granting commissions is regulated by the Code of Civil Procedure. The provisions of the Code applicable to the present discussion are to be found in sections 887 and 888, which latter section states in what cases a commission may be issued. Appellant insists, and in this insistence is supported by authority, that this section 888 is applicable only to actions, and has no application to special proceedings. This concession, however, while it applies to the Supreme Court and other courts of record, would be equally applicable to the Surrogate's Court, were it not that by another section of the Code (§ 2538), the provisions of section 888 have been extended to apply to the Surrogate's Court. By this

section it is provided that certain provisions, which include section 888, shall be applicable to "Surrogates' Courts, and to the proceedings therein, so far as they can be applied to the substance and subject-matter of a proceeding, without regard to its form."

When we recall the fact that all forms of procedure in the Surrogate's Court are *special proceedings*, and *not actions*, section 2538 so far as making applicable the provisions of sections 887 and 888, in regard to taking depositions without the State, on a commission would be meaningless as applied to the Surrogate's Court, were we to hold that it was only in an action in the Surrogate's Court that the surrogate would have the power to issue a commission. Such a construction would be to hold, in effect, that though the Legislature intended to confer the power upon the Surrogate's Court, that such power could not be exercised, because no action could be brought in the Surrogate's Court, and the provisions relating to the taking of depositions are confined to actions. We do not think that such a construction, rendering meaningless the statute, is warranted by the language used. The legislature in enacting section 2538 had undoubtedly in view the difference that exists between courts wherein actions may be brought and the Surrogate's Court which deals solely with special proceedings, and hence, in making applicable the other provisions of the Code to the Surrogate's Court, we find that in reference thereto the language used is that such provisions are made applicable " to the proceedings therein so far as they can be applied to the substance and subject-matter of a proceeding without regard to its form."

While the question of the surrogate's jurisdiction does not seem to have been raised in any of the reported cases, we have many instances where it has been exercised, and where the surrogate has issued a commission basing his authority upon the general provisions of the Code. (*Bristed* v. *Weeks*, 5 Redf., 529; *Cadmus* v. *Oakley*, 2 Dem., 298; *Henry* v. *Henry*, 4 id., 253; *Bull* v. *Kendrick*, 4 id., 330.)

The commissions issued in these cases related entirely to will contests, and from this circumstance the appellant seeks to justify a distinction between such a proceeding and other proceedings pending in the Surrogate's Court.

It is true that upon a contest over the probate of a will an issue

of fact is raised by the petition and answer, yet the fact remains that it is not an action, but a special proceeding, and like in character to other proceedings over which the surrogate has jurisdiction. In the absence, therefore, of any special provision conferring jurisdiction upon the surrogate to issue a commission in a contested will case, if he has the right which has been constantly exercised, of issuing a commission in such cases, his power is derived solely from the provisions of the Code already referred to, and if thereby sustained would be equal authority for the exercise of such jurisdiction in a case like the present. In other words, there is no distinction between a will contest and a contested accounting before the surrogate, both being special proceedings; and if it were held that a commission could only issue in an action, and it being clear that no action arises in a Surrogate's Court, the denial of jurisdiction, in a case like the present, would be equal authority for a denial of such jurisdiction in a contested will case. As we have already seen, however, though the question does not appear to have been raised, such jurisdiction has been exercised and commissions have been issued, and, as we think, rightly, under the provisions of sections 887 and 888 of the Code, which, by section 2538, so far "as they can be applied to the substance and subject-matter of a proceeding, without regard to its form," were made applicable to Surrogates' Courts.

We, therefore, think that the order appealed from should, in all respects, be affirmed, with costs.

ANDREWS, J., concurred; VAN BRUNT, P. J., concurred in the result.

Order affirmed, with costs.