DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment, conviction and order of the Court of Sessions of Monroe county appealed from affirmed and proceedings remitted to that court to proceed thereon.

---

NOAH R. COLLINS and Another, Respondents, *v.* CHARLES SHAFFER, Appellant.

*Justice of the peace — power of, to issue a subpœna, and a commission — Code of Civil Proc. § 2980 — depositions — improperly received in evidence — proof of the contents of account books.*

Under the provisions of the Code of Civil Procedure a justice of the peace is authorized to issue a subpœna and compel the attendance of a witness in the county in which an action is pending before him from an adjoining county.

If a witness whose testimony is material is not within the county, or an adjoining county, the justice may issue a commission under section 2980 of the Code of Civil Procedure for the purpose of taking his testimony, and the power to issue such commission is not limited to a commission to be executed in the other counties of the State of New York, but it may be issued to other States as well.

Where depositions were taken by the plaintiff's attorney from the office of the justice of the peace wherein they had been placed on file, and were retained by him until the day of the trial of the action in which the commission was issued,

and the defendant's attorney called upon the justice to see the depositions, but was unable to do so, the reception of such depositions in evidence upon the trial of such action is an error calling 'for the reversal of the judgment rendered therein against the party objecting to their reception in evidence.

Upon the trial of an action brought to recover the value of goods sold and delivered, one of the plaintiffs in his deposition testified that he was a member of the firm composed of the plaintiffs, and had access to their books, and, in answer to the interrogatory, "State to what persons the account hereto annexed is charged on said books, and what payment or payments have been made thereon, if any," he testified, "The account for the goods in controversy in this case is charged upon our books to the defendant, Charles Schaffer. The entries on August 5, 1889, were entered by me in sales book No. 20, page 183. * * * The entry of August 23, $11.88, was entered by me on page 197, in sales book No. 20, and is in my handwriting."

The defendant's counsel objected to the interrogatory as improper, and not the proper manner of proving the books of account; that it was not the best evidence, and moved that the answer to the question be stricken out. The objection was overruled, and the portion of the answer above stated was allowed to remain. The books were not produced or read in evidence upon the trial.

*Held,* that the denial of the defendant's motion was error, as the method pursued was an improper way of proving the contents of the books of account.

APPEAL by the defendant, Charles Shaffer, from a judgment of the County Court of Niagara county in favor of the plaintiffs, entered in the office of the clerk of the county of Niagara on the 23d day of November, 1893, upon the decision of the court affirming the judgment of a justice of the peace of the city of Lockport, Niagara county.

*S. E. Graves,* for the appellant.

*Joshua Gaskill,* for the respondents.

HAIGHT, J.:

This action was brought to recover a balance due on the purchase price of sundry goods, consisting of brandy, etc., alleged to have been sold and delivered to the defendant by the plaintiffs in the year 1889. The answer of the defendant denied the allegations of the complaint and alleged that at the time he was employed by S. M. Hodgkins as a bartender in his hotel at Coleville, Penn., and that the goods alleged to have been purchased by the defendant were purchased by Hodgkins.

Upon the joining of issue, the plaintiffs, upon affidavits, moved for a commission to take the testimony of Frank J. Collins and George R. Blakely, who severally reside in the city of Bradford, in the State of Pennsylvania. This motion was granted and a commission issued to William B. Chapman of Bradford, Penn., to take the examination of the aforesaid witnesses upon interrogatories attached. The commission was executed and returned to the justice, and was by him received and filed August 30, 1893. It appears that the commission was then taken by the plaintiffs' attorney and held by him until the sixteenth day of September, the day to which the trial had been adjourned, and was by him then produced upon the trial and offered in evidence; that the defendant's attorney called upon the justice and asked to see the commission, and was informed by him that it had been received; but that it had been borrowed by the plaintiffs' attorney. When the commission was offered in evidence, the defendant objected to its reception upon the grounds: *First*, that it is incompetent; that there was no authority for the issuance of the commission out of this court; and, *second*, that the section of the Code (2985) had not been complied with, for the reason that the commission had not remained on file with the justice, but had been removed by the plaintiffs from his possession and control, and had not been open to inspection by the defendant. The objection was overruled and the depositions were received in evidence.

We think that the justice had power to issue the commission. Section 2980 of the Code of Civil Procedure provides that "Where the defendant has neglected to appear upon the return of a summons, or has failed to answer the complaint, or where an issue of fact has been joined in an action; and it appears, by affidavit, upon the application of either party, that a witness, not within the county where the action is pending, or an adjoining county, is material in the prosecution or defense of the action, the justice may award a commission to one or more competent persons, authorizing them, or either of them, to examine the witness under oath, upon interrogatories to be settled by the justice, or by the written agreement of the parties, and indorsed upon or annexed to the commission; to take and certify the deposition of the witness; and to return the same by mail, addressed to the justice."

Under other provisions of the Code, the justice is authorized to issue a subpœna and compel the attendance of witnesses in the county in which the action is pending and from the adjoining county. If a witness, whose testimony is material, is not within the county, or an adjoining county, he may issue a commission for the purpose of taking his testimony, and we do not understand that such commission is limited to the other counties of the State, but may be issued to other States as well. This, we think, is apparent from the provisions of section 2987, which is as follows: "Where the commission is executed within the State the commissioner, or, if there are two or more, a majority of them, have the same power to issue a subpœna, to swear a witness, and to compel his attendance, that a justice of the peace has, in an action pending before him."

This section of the Code is, by the express terms thereof, limited. to the counties within the State, but it only has application where the commission is to be executed within the State. The clause, " where the commission is executed within the State," would be surplusage if no commission issued by a Justice's Court could be executed out of the State; and we think the inference to be drawn therefrom is that section 2980 should receive the broad construction which its language imports, and that is, that the power to issue a commission is not limited as to territory, except as to the county in which the action is pending, or an adjoining county. (*Eaton* v. *North*, 7 Barb. 631.)

As to the other ground of objection to the reception of the depositions in evidence, we have more trouble.

Section 2985 provides that: "The justice, to whom the package containing the commission is transmitted by mail, must receive it from the post office, and open and file it, indorsing thereupon the date of his so doing. It must remain on file with him until the trial; but either party is entitled to inspect it on file." Here we have the express command of the statute, that it *must* remain on file with the justice until the trial, and the right of either party to inspect it is given whilst it is on file. Our attention has not been called to any reported case in which this precise question has been considered. Section 2986 provides that sections 902 and 903 shall apply to a commission issued out of a Justice's Court. Those sections have reference to commissions issued out of courts of record

for the examination of persons residing out of the State. The statute, as well as the practice in such cases, has always been to carefully guard the depositions taken from being tampered with, so that there could be no question as to their authenticity and genuineness. For this purpose the commissioner is required to subscribe his name upon each half sheet of paper upon which the testimony has been taken; he must attach his certificate and inclose the depositions under his seal, and address to the clerk of the court. If the packet is returned by an agent he must deliver it to the clerk, or a judge of the court, and must make an affidavit that he received it from the hands of the commissioner, and that it has not been opened or altered since he received it. The clerk or judge who receives it from the agent must open the packet and indorse thereupon, and sign a note of the time of the receipt and opening thereof, and immediately file it in the office of the clerk, together with the affidavit of the person who delivered it to him. If transmitted through the post office the clerk to whom it is addressed must receive it, open it and indorse thereupon, and sign a like note of the time of receipt and opening thereof, and immediately file it in his office. A commission must remain on file in the office of the clerk, unless otherwise provided by the stipulation of the parties, or unless the court, by special order, directs it to be filed in the office of another clerk. The depositions are always open to the inspection of the parties, either of whom is entitled to a copy of them, or of any part thereof. (Code Civ. Proc. §§ 902, 904, 906, 907, 909.)

It will thus be seen that the depositions are jealously guarded from the time they leave the hands of the commissioner down to the time of the trial, so that no person can mutilate, change or interfere with the testimony of the witnesses so taken.

In *Jackson* v. *Hobby* (20 Johns. 358) the commission was offered in evidence and objected to upon the ground that it had not been filed with the clerk. It was held that it was not entitled to be received in evidence. PLATT, J., in delivering the opinion of the court, says: " There is good reason for requiring the depositions to be actually filed before they are used as evidence. They are often prolix and voluminous, so that, without time to take a copy and to examine it deliberately, it is impossible to apprehend the testimony correctly or to take the proper exceptions. Besides, the party

suing out the commission generally knows pretty accurately what his witnesses have sworn, before the commission is opened, and if he or his agent who brings back the commission may withhold it till after the trial has commenced, it would give such party an unfair advantage and enable him to surprise his adversary. It is the right of either party to move the court to suppress the depositions for fraud, partiality or irregularity, and this cannot be done at *nisi prius* nor until the depositions are filed."

In *The Oneida Mfg. Society* v. *Lawrence* (4 Cow. 440) the judge or officer authorized to receive and open the commission had not certified or indorsed thereon his certificate as to the time of its reception, or by whose hand it was received. Its reception in evidence was objected to upon this ground and sustained. SAVAGE, Ch. J., says that the deposition was properly rejected within the authority of *Jackson* v. *Hobby.*

In *Dwinelle* v. *Howland* (1 Abb. Pr. 87) it was held that where a commission is returned by an agent his affidavit as prescribed by statute, that he received it from the hands of the commissioner, and that it has not been opened or altered since he received it, is indispensable to its reception in evidence. CLERKE, J., after referring to the statute, says: "Indeed, the whole article is very exact and minute in its precautions to prevent abuse and to insure the genuineness of the evidence. A rigorous compliance with its provisions was evidently intended, and particularly in regard to the return of the commission."

As we have seen, the depositions were taken by the plaintiffs' attorney from the office of the justice where they had been placed on file. They were retained by the attorney until the day of the trial. The defendant's attorney called upon the justice to see the depositions, but was unable to do so. He was thus deprived of any opportunity to inspect the evidence, or to determine whether the questions had been properly or fully answered, or whether the commission had been executed in due form of law.

We have hesitated about declaring this to be reversible error, but upon mature reflection have concluded that the public interests require that the statute in this regard should be strictly followed, and that none of its provisions guarding the testimony of witnesses so taken should be disregarded by parties or their attorneys without destroying its character as evidence in their behalf.

The witness Collins, in his deposition, had testified that he was a member of the firm of Collins & Co., and had access to their books. The eighth interrogatory is as follows : " State to what persons the account hereto annexed is charged on said books, and what payment or payments have been made thereon, if any." To this interrogatory he answered : "The account for the goods in controversy in this case is charged upon our books to the defendant, Charles Schaffer. The entries on August 5, 1889, were entered by me in sales book No. 20, page 183. * * * The entry of August 23, $11.88, was entered by me on page 197 in sales book No. 20, and is in my handwriting."

Upon the trial the defendant's counsel objected to the interrogatory as improper and not the proper manner to prove the book account, that it was not the best evidence, and moved that the answer to the question be stricken out. The objection was overruled and the portion of the answer stated was allowed to remain. The books were not produced or read in evidence, and we do not understand that their contents could be proved in this way.

The judgment of the County Court and that of the justice should be reversed, with costs.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment of the County Court of Niagara county and of the Justices' Court reversed, with costs.