KATHARINA WEIDNER, Appellant, *v.* GEORGE WEIDNER, Respondent.

*Divorce suit — opening a default — counter charges of adultery — presumption from the service of a summons and complaint — laches justify a denial.*

Upon a motion made to open a judgment of absolute divorce recovered by a wife against her husband, the allegations contained in the moving affidavits used upon such motion, showing that the husband had suspicions as to the fidelity of his wife and charging her with having committed adultery, are entitled to no consideration where, prior to the obtaining by the wife of the judgment sought to be opened, the husband had instituted an action for divorce against his wife which had been dismissed, and, also, an action against another for the alienation of his wife's affections, which resulted in a verdict and judgment for the defendant therein.

Where a husband was served with a summons and complaint in an action brought by his wife to procure an absolute divorce, and knew that the suit was pending and the charges that were made against him, he must be presumed to have notice that a judgment was likely to be rendered against him therein, and where he knew of a judgment rendered in a prior action brought against him by his wife for a separation, he is not entitled to suppose that if alimony were granted in the divorce action it would be any less in amount than that granted in the suit for a separation.

Where the amount of alimony awarded to a wife in an action brought by her against her husband for a separation is unpaid, and the husband has left the State to escape the enforcement of· the decree in such action, the motion of the husband, in a subsequent action brought against him by his wife for an absolute divorce, to open the default and set aside the judgment, if made nearly nine months after he received actual notice of the entry of the judgment in the divorce action, should be denied unless the alimony allowed in the judgment for divorce be first paid.

APPEAL by the plaintiff, Katharina Weidner, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 12th day of July, 1894, denying the defendant's motion to open the default and to set aside the judgment rendered in the action and to permit the defendant to defend said action, upon the plaintiff's stipulating to allow the judgment to be so amended that she will have no claim against the defendant for support, past or future, and providing that otherwise such motion be granted.

*Charles J. Patterson*, for the appellant.

*Baldwin F. Strauss* and *Almet F. Jenks*, for the respondent.

BROWN, P. J. :

This action was brought by the plaintiff for an absolute divorce. At the time it was commenced the defendant was living at Allentown, in the State of Pennsylvania, and the summons was served by publication.

The defendant did not appear, and on November 8, 1889, judgment was entered dissolving the marriage and directing the defendant to pay to the plaintiff for the support of herself and children the sum of fifteen dollars a week.

The order appealed from sets aside the judgment and opens the default and permits the defendant to appear and defend the action, unless the plaintiff permits the " judgment to be so amended that she will have no claim upon said defendant for support, past or future." In case such amendment should be permitted, the motion to open the default was denied.

We are of the opinion that the conditions imposed upon the plaintiff are unjust towards her, and that the order should be modified.

It appears that prior to the year 1889 the parties were residents of the city of Brooklyn. The defendant had suspicions as to the fidelity of his wife, and charged her with having committed adultery with one Henry Loeffler. These charges are reiterated in the defendant's affidavit used upon this motion, but, inasmuch as they were made the subject of judicial investigation, they are not entitled to any consideration here.

In 1886 the defendant sued Loeffler in the City Court of Brooklyn for alienating the plaintiff's affection, and about the same time instituted an action for divorce against the plaintiff, charging her with adultery committed with Loeffler.

The action for alienation of affection was tried in March, 1887, and resulted in a verdict and judgment in Loeffler's favor, and in April, 1887, the action for divorce against the plaintiff was dismissed. In September, 1887, the plaintiff sued the defendant in the City Court for a limited divorce on the ground of cruelty. No defense was made, and on November 18, 1887, judgment was entered granting to the plaintiff fifteen dollars per week alimony and directing defendant to give security for its payment.

Up to November, 1887, the defendant resided in Brooklyn, and

it is very clear that he moved to Pennsylvania to escape from the enforcement of the judgment in the separation suit. No alimony has ever been paid under that decree.

In April, 1889, this action was commenced. The defendant admits in his moving affidavit that he received the summons and complaint, but swears he paid no attention to them because he believed it was impossible for his wife to produce witnesses who would swear to the accusations made against him.

In 1893 he moved to Newark, N. J. While there he met his wife, and he was then told of the judgment of divorce and the amount of alimony which it was adjudged that he should pay. Thereafter he returned to Brooklyn; and a copy of the judgment having been served upon him, an order was made on May 28, 1894, directing him to show cause why he should not be punished for contempt in neglecting to comply with its terms. Three days later application was first made to set aside the judgment and open the default.

Laying aside the charges made in the defendant's affidavit as to the plaintiff's relations with Loeffler, which we do not think worthy of serious consideration in view of the result of the suit against Loeffler, the main grounds upon which the defendant asks to have the judgment set aside are: (1) That the testimony as to his adultery was false, and (2) that prior to the action for separation he had conveyed a considerable part of his property to the plaintiff.

We are of the opinion that the defendant should have an opportunity to try the accusation of adultery made against him, and, so far as the order appealed from permits him to come in and defend the action, we agree with the conclusion of the Special Term. But the charge that defendant transferred a large part of his property to the plaintiff is met by the statement that the parties owned four houses and lots in Brooklyn, the title to which stood in their joint names, and that the property was divided between them, and the conveyance to the plaintiff was but a transfer to her of one-half of this property. If such be the fact, there can be no inference that the defendant has already provided for the plaintiff's support; and in this view of the case, if the facts permit the conclusion that the decree of divorce should stand, it would seem unjust to deprive the plaintiff of the provisions made therein for her support. The

defendant does not now assert his inability to pay the amount of alimony awarded by the judgment, nor does he claim that the amount was out of proportion to his means, nor that it was not necessary for the support of the plaintiff and her children. It was the same amount awarded by the City Court in the separation suit, and that decree has never been appealed from nor complied with. We fail to see the justice of requiring the plaintiff to surrender all provisions made for her support, as a condition of retaining the benefit of the judgment of divorce.

While it may be true, as the defendant testifies, that he never received the copy of the judgment of divorce, which was mailed to him at Allentown, he must be presumed to have had notice that such a judgment was likely to be rendered against him. He was served with the summons and complaint, and knew that the suit was pending and the charges that were made against him. He knew of the judgment in the separation suit, and he could not have supposed that, if alimony was granted in this action, it would be any less in amount than that granted in the separation suit. He took no steps to defend the suit, and after he had, according to his own admission, received actual notice of the judgment and its terms, he waited nearly nine months before he took any proceedings to vacate it.

In view of this long delay to protect his rights, of the amount of alimony awarded to the plaintiff in the separation suit and the fact that defendant left the State to escape the enforcement of the decree in that action, we are of the opinion that the judgment in this action should not be opened unless the alimony allowed therein is paid.

The order should, therefore, be modified so as to provide that, upon payment by the defendant of the amount of alimony due under the judgment, the motion will be granted, otherwise it is denied, with costs, and so modified the order appealed from is affirmed, with ten dollars costs and disbursements to the appellant.

DYKMAN and CULLEN, JJ., concurred.

Order modified so as to provide that, upon payment by the defendant of the amount of alimony due under the judgment, the motion will be granted, otherwise it is denied, with costs, and as so modified the order appealed from is affirmed, with costs.