### HENDERSON v. HENDERSON.

(Supreme Court, Appellate Division, First Department. May 22, 1903.)

1. DIVORCE—DEFAULT—ABSENCE OF DEFENDANT—ILLNESS—PHYSICIAN'S CER-
TIFICATE—OPENING DEFAULT.

On a motion to open a default judgment against defendant in divorce,
it appeared that defendant was ill when she received a letter stating
that a postponement had been refused for more than that day, because
the physician's certificate which was relied on for a postponement was
not verified. The physician was not able to procure a notary public, and
sent another certificate to the attorneys, stating his reasons for not veri-
fying it, but such letter and certificate did not reach the attorneys' office
until the next day, and after default had been taken. *Held* error not
to have opened the default.

Appeal from Trial Term, New York County.

Action by William J. Henderson against Ella C. Henderson for
divorce. From an order denying defendant's motion to open a
default against her, she appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, IN-
GRAHAM, and LAUGHLIN, JJ.

David May, for appellant.
Gordon Gordon, for respondent.

INGRAHAM, J. This action was for a divorce. The defendant
answered denying the charge of adultery, and set up a counterclaim
charging the plaintiff with adultery, and asking for an affirmative
judgment. The issues of facts were framed for trial before a jury,
and the cause was placed upon the calendar of the Trial Term. That
trial seems to have been adjourned several times on account of the
illness of the defendant. It finally came on the day calendar on the
17th of February, 1903. At this time the plaintiff was ready, but it
was stated that the defendant was ill, and a certificate of a physician
was presented. The court refused to receive this certificate, as it
was unverified, and the case was marked ready, and passed until the
next day. On the next day, February 18, 1903, the defendant did not
appear, when the evidence for the plaintiff was taken, and the jury
found a verdict upon the issues in favor of the plaintiff.

From the affidavits on which this motion was made it appears that
on the 17th of February the defendant was ill at a hotel in this
city, being unable to leave her room; that she received a letter from
her attorney stating that a further postponement had been refused
because the certificate of the physician was not verified before a
notary public, and that it would be necessary for them to have in
their possession before half past 10 o'clock the physician's affidavit,
specifying the nature of the defendant's illness; that on the receipt
of this letter the defendant asked her physician to send the necessary
affidavit; that the physician, not being able to procure a notary pub-
lic, sent another certificate to the defendant's attorneys, stating that
he was unable to verify it because of his inability to find a notary
public in time; that this certificate and letter did not arrive at the
office of the defendant's attorneys until after 11 o'clock, and after the

default had been taken; that on the day on which the default was taken the defendant "was in no condition to leave her room, and to have done so would have seriously jeopardized and endangered her health"; that on the 19th of February, the day after this default was taken, the defendant went to the St. Vincent's Hospital, where she remained until the 26th of February; and that she had been ill from five to eight weeks before this time.

There is no dispute about the condition of the defendant, and it appears that her health was such that she could not have attended court upon the day on which the default was taken.  The default arose from the neglect of the defendant or her attorneys to properly present proof of her actual condition to the court.  Considering, however, the nature of this action, and the interest that the state has in the subject of divorce, we think the court below should have opened the default, and allowed the defendant to be heard, before granting to the plaintiff an absolute divorce.  The rule governing the opening of defaults in ordinary actions involving a mere pecuniary liability should not be vigorously applied to actions of this character; and where, as in this case, there seems to be no reason to doubt that the condition of the defendant was such that it was impossible for her to appear on the day that the case was called for trial, we think she should have been given an opportunity to present her evidence to show that the plaintiff was not entitled to a divorce.

It follows that the order appealed from should be reversed, the verdict of the jury set aside, and the case restored to the calendar of the Trial Term for final disposition, without costs.  All concur.