RUBENSTEIN et al. v. SCHMUCK.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. CONTINUANCE (§ 52*)—ORDER DENYING MOTION—NECESSITY OF ENTRY.
    Since, in some cases, the right to move at Special Term of the City Court to open a default after an erroneous denial of a motion for postponement would not afford adequate relief, a party should have the right to have a formal order entered on denying a motion to postpone, from which he may appeal.
    [Ed. Note.—For other cases, see Continuance, Dec. Dig. § 52.*]

2. COURTS (§ 189*)—CITY COURT OF NEW YORK—DEFAULTS—OPENING DEFAULT JUDGMENT.
    The City Court of the City of New York, at Special Term, has power to open defaults and vacate default judgments, after the erroneous denial of a motion for postponement, though the application for postponement was not so formally made as to furnish a complete record for review by appeal.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. CONTINUANCE (§ 54*)—DENIAL.
    Appeals from orders denying motions to postpone should not be encouraged, except in cases of necessity, and the better practice is to go to trial and leave the party making default, after denial of his motion to postpone, to move at Special Term to set aside the default.
    [Ed. Note.—For other cases, see Continuance, Dec. Dig. § 54.*]

4. CONTINUANCE (§ 48*)—MOTIONS—ORDER—TIME OF ENTRY.
    One moving to postpone cannot require his motion to be heard and decided on any particular day, and he is not entitled to have an order entered until the court has finally denied his motion and decided to proceed to trial, or allow a dismissal or inquest by default, and the court may withhold its decision on the motion until the cause is ready for trial, unless court rules provide to the contrary.
    [Ed. Note.—For other cases, see Continuance, Dec. Dig. § 48.*]

5. APPEAL AND ERROR (§ 942*)—REVIEW—DISCRETION OF TRIAL COURT—RULES OF COURT.
    Rules of court are largely in the discretion of the judges, and, while they should not be unreasonable and harshly enforced, an appellate court will not interfere with the discretion of the trial court in making and enforcing its rules.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3808; Dec. Dig. § 942.*]

6. COURTS (§ 189*)—ORDER DENYING POSTPONEMENT—ORDER—TIME OF ENTRY.
    The cause was at issue, and was called on April 15th, and plaintiff asked for an adjournment which was refused, the court stating that the cause would be marked ready, and if the plaintiff was not ready when it was reached it would be dismissed. On the 16th the cause was again

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

called, and plaintiff asked for the entry of an order denying his motion, but the cause was again marked ready and passed. On April 20th it was again called, and plaintiff again submitted his order, which the court declined to sign at that time, stating that it would be signed at the proper time; and on the next day, at the second call of the calendar, plaintiff's motion to postpone was denied, the court stating that the cause could only be disposed of when actually called for trial, and advised counsel that now was the proper time to apply for postponement, which plaintiff failed to do. On April 23d the court offered to sign a proper order, but refused to enter an order as of the 16th. Rule 17 of the City Court provides that on the second appearance of a cause it must be disposed of or go to the foot of the calendar, unless postponed, and that the four causes at the head of the calendar would be called for trial, and the remainder which are answered ready passed for the day, which, as construed by the court, required that the cause be one of the first four before a motion to postpone could be finally disposed of. *Held,* that, while, if plaintiff had abandoned the cause on April 16th, he would have been justified in assuming that the denial was final, not having done so, and having timely notice that the denial was not final, and not having renewed his motion on the 21st as suggested by the trial court, he was not entitled to have the order entered as of the 16th.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Special Term, New York County.

Application for mandamus by Isidor E. Rubenstein and another against Peter Schmuck, one of the Justices of the City Court of the City of New York. From an order denying a motion for a peremptory writ, petitioners appeal. Order affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Barnett L. Hollander, for appellants.

LAUGHLIN, J. The respondent is a judge of the City Court of the City of New York. The object of the application is to compel him to enter an order on his decision denying an application made by petitioner as plaintiff in an action then pending in said court for an adjournment of the trial. The petitioner desires that an order may be entered so that he may appeal therefrom and review, in accordance with the recent ruling in Worth v. Moore Blind Stitcher Co., 125 App. Div. 211, 109 N. Y. Supp. 116, the action of the court in denying his motion.

There may be, and doubtless are, cases in which the right of a party to move at Special Term to open his default after inquest or judgment, following the denial of a formal motion to postpone for cause, would not afford him an adequate remedy in case the court erred in denying his motion. It is therefore manifest that a party should have the right to have a formal order entered on the decision of his motion, from which he may appeal and apply for a stay pending the appeal if necessary. We would not say that a party must see that an order is entered and appeal in such cases, or be debarred from obtaining any relief at Special Term on the facts presented to the trial court on his application for a postponement. Motions for postponement are more or less informal, the practice differing in different parts of the state. In some instances the rules and practice of the court require

formal affidavits, and in others oral statements of counsel are received. Where calendars are congested, such motions are usually required to be submitted without argument. Often facts are thus presented to the court by affidavits in opposition to the motion, to which the moving party has no opportunity of replying. It would not be safe, therefore, to lay down the rule that such applications must always be so formally made as to furnish a complete record for review of the decision by appeal. The court at Special Term has always exercised the power to open defaults and to vacate judgments taken by default, and it would be unwise to attempt to limit that practice to causes established by facts not formally presented and which could not have been so presented to the trial court. Moreover, it will not do to encourage appeals from orders denying motions to postpone excepting in cases of necessity, for the time of the court would thus be occupied with motions to stay trials pending appeals, and in hearing unnecessary appeals, and in duplicating work for the court and increasing expense of litigation; because if the appeals should be unsuccessful, motions would be made at Special Term on new or additional facts.

We are of opinion, therefore, that excepting in extreme cases, as indicated, it is better that the practice heretofore existing be adhered to, and that inquest be allowed to be taken where the court denies the motion to postpone, leaving the party making default to his remedy by motion at Special Term, where the whole matter may be disposed of by one motion, and there is greater authority and discretion in imposing terms. It is not for the party making the motion to postpone to dictate to the court the precise day and hour when his motion shall be heard and decided. His right to have an order entered does not accrue until the court has finally considered and denied his motion and decided to proceed with the trial or allow a dismissal or an inquest by default. If a motion be made before the cause is in a position to be moved for trial, the court may hold the motion and reserve decision until the cause is reached for trial, unless the rules of the court provide otherwise. An absent witness, for instance, if that should be the ground for postponement, might return before the cause would be reached for trial. When, however, the decision of the court on the motion becomes final, and the court, without intending to further consider the application, denies the motion without reserve, under circumstances indicating that it is reasonably probable that the cause will be tried or an inquest will be taken therein, then the party should have the benefit of the entry of an order from which he may appeal.

The petitioners were plaintiffs in the action in the City Court. The cause was at issue and called on the 15th day of April, 1908. The defendant answered ready, and plaintiffs asked an adjournment until June on account of the absence of plaintiffs, on which ground a prior adjournment had been obtained, and presented an affidavit. The court announced in substance that the adjournment would not be granted, that the cause would be marked ready and passed for the day, and that if plaintiffs were not ready when it was reached it would be dismissed. On April 16th the cause was again called, and counsel for plaintiffs asked for the entry of an order which he had prepared denying his mo-

tion on the affidavit which he had filed the day before. The cause was again marked ready and passed for the day. On April 20th it was called again, and counsel for plaintiffs again submitted an order which the court declined to sign at that time on the ground that there was no necessity for signing it then, and stated that it would be signed at the proper time, and the case was marked ready and passed. On the 21st of April there was what is termed a "second call" of the calendar, at which counsel for both parties were present. The court then announced that the application to postpone was denied. After recess that day, counsel for plaintiffs was in court, having been sent for, presumably by the court, and the court evidently inquired as to whether the cause was ready, and announced that when the cause on trial was finished this cause would be called, and defendant might move to dismiss and the motion would be considered; and, on being asked whether the order would be signed, the court answered that if an order were presented with proper recitals at the proper time it would be signed. The court then inquired if the object were to appeal from the order, and counsel for the plaintiffs answered in the affirmative. Whereupon the court stated that it was not the practice of the Special Term of that court to open defaults when obtained on the call of the calendar, and that the only time any disposition of the cause could be made was when it was actually called for trial; that, when the previous application was made, the cause was not actually called for trial, and could not be moved for trial until the day on which the discussion took place, and that "now is your time to make the application." Counsel for plaintiffs failed to renew his application in accordance with the suggestion of the court, and stated that he would present a new order and take the case up on both orders. The court thereupon said, "I will sign any order you may submit with proper recitals." Later in the day the cause was called, and, there being no appearance for plaintiffs, the complaint was dismissed. On the 23d of April there was a notice in the Law Journal by the respondent as follows: "If counsel for plaintiffs will submit order containing proper recitals, same will be signed." On the same day counsel for plaintiffs appeared before the respondent, and, alluding to this memorandum, asked whether it had reference to the proceedings two days before or on April 16th, saying that the latter was the only one in which his clients were interested. The court said, "If you want an order entered as to the 16th, I refuse to enter it," to which no reply was made. The proposed order which counsel for plaintiffs in the action presented for entry recited that his application was on two specified affidavits—which are not in this record—to have the cause which was sixth on the calendar "passed to some subsequent day," and that the motion was denied and the case marked ready.

Counsel for petitioners bases his right to an entry of the order as of April 16th on rule 17 of the rules adopted by the City Court, which, so far as material, provides as follows:

"In causes appearing upon the day calendars in Trial Parts 1, 2, 3 and 5, for the first time, reasonable adjournments will be granted to prepare for trial. All causes set down for a day certain will appear on the calendar for that day. On the 2nd appearance of a cause, whether at the same or a subsequent

term, it must be disposed of when reached .or go to the foot of the general calendar, unless for legal cause shown by affidavit an adjournment is granted. The four causes at the head of each of the day calendars in Parts 1, 2, 3 and 5, will be called for trial, and the remaining causes thereon which are answered ready, passed for the day."

The minutes of the stenographer show that the motion was denied on the 16th of April; but respondent in his affidavit .states that his action on that day was not a final disposition of the motion under this rule, and that the construction placed upon the rule by him and his associates is that such a motion cannot be finally disposed of until the cause becomes one of the first four and may be moved for trial. There can be no doubt but that the judges of the City Court might have clearly framed a rule to that effect, and if they had done so the plaintiffs would not have been entitled to have an order entered unless they made the motion on the 21st day of April. That seems a strained construction of the rule, and places an onerous burden on litigants and on their attorneys, for it requires them to attend all prior calendar calls after the cause has been moved upon the day calendar and answered not ready. However the rules of a court are largely within the discretion of the judges, and while it is expected that they will neither adopt unreasonable rules nor harshly enforce them, yet it is not for an appellate court to say how the discretion of trial judges shall be exercised in making and enforcing rules. If the petitioners had abandoned the cause on the 16th of April, we think they would have been justified in assuming that the decision denying their motion was final. They did not do this, however, and had timely notice that the decision was not final and of the construction placed by the judges of the City Court on their own rule. The rights of his clients could have been preserved had counsel adopted the suggestion of the respondent, and evidently there would have been time even to have applied for a stay of the trial had that been deemed necessary; but in the circumstances, as the complaint was merely to be dismissed, it would seem that it was not. The court had heard the motion, and, in allowing the cause to be moved, must be deemed to have denied it on the 21st day of April. It is evident that, if counsel for petitioners had presented an order reciting the denial of the motion on that day, it would have been entered. He was not, however, entitled to the order which he insisted upon having entered.

It follows that the motion was properly denied, and the order should therefore be affirmed. All concur.