## FOX v. FOX.

(Supreme Court, Appellate Division, Second Department. March 3, 1911.)

1. DIVORCE (§ 161*)—VACATING DEFAULT—CONDITIONS—"SUCH TERMS AS JUSTICE REQUIRES."

On a wife's motion to open a default judgment against her in an action for divorce for adultery, on the ground that the summons and complaint had not been served on her, the court found that service had been made, but opened the default on condition of payment of costs and disbursements to date and motion costs. *Held,* that the condition was not within the discretion given the court by Code Civ. Proc. § 724, to relieve from default judgments on "such terms as justice requires"; it being a mere sham to give her a right to defend her honor only on condition of a payment she was unable to make, and she being lawfully dependent on the plaintiff for support.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 522–526; Dec. Dig. § 161.*]

2. DIVORCE (§ 161*)—JUDGMENT OR DECREE—DEFAULT.

The strict rules relating to defaults should not be applied to actions for divorce, because of the vigilance of the courts to prevent collusion, and because of the general interest of the state in the preservation of the matrimonial status of its citizens.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 522–526; Dec. Dig. § 161.*]

Burr and Carr, JJ., dissenting.

Appeal from Special Term, Kings County.

Action for divorce by William J. Fox against Margaret Fox. From an order permitting defendant to reopen an interlocutory decree for absolute divorce on payment of plaintiff's costs, defendant appeals. Modified by striking out terms.

Argued before HIRSCHBERG, BURR, CARR, WOODWARD, and RICH, JJ.

Felix Reifschneider, Jr., for appellant.
Charles L. Fasullo, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HIRSCHBERG, J. The parties are husband and wife. The defendant brought an action against the plaintiff in April, 1908, for separation on the ground of cruel treatment, and on the 30th day of June, 1909, a decree was entered in her favor, giving her the sum of $30 a month alimony. It is undisputed that the alimony has been unpaid for a considerable period, and that some time in the latter part of the year 1909 she had directed her counsel to institute proceedings to punish the plaintiff for contempt because of his default in such payment. It further appears that shortly after the decree of separation was entered the plaintiff instituted an action against the defendant for an absolute divorce on the ground of adultery, which action was tried in the month of October, 1909, and the complaint dismissed for lack of evidence. Thereafter the plaintiff instituted a second action for an absolute divorce, in which judgment was entered by default on the 28th day of January, 1910, and the defendant claims to have heard of this judgment from her attorney while consulting him shortly thereafter in reference to the contemplated proceedings for contempt in failure to pay the alimony; and she thereupon made a motion to have her default opened so that she might defend the action. She denied that service of the summons and complaint had been made on her; but the court found otherwise on adequate proof. The learned Special Term granted her an order opening the default upon condition, however, that she pay to the plaintiff or his attorney the plaintiff's costs and disbursements in the action to date, together with $10 costs of the motion. The present appeal, while in form from that order as resettled, is limited by the brief submitted on behalf of the appellant to the provision imposing on her the costs of the motion and the costs and disbursements of the action.

I do not see how the condition imposed on the defendant can be upheld. It is not authorized by any provision of the Code of Civil Procedure, and the judicial records of the state will be searched in vain for a precedent. By section 1769 of the Code it is provided that a final judgment in a matrimonial action may award costs in favor of or against either party, but it cannot be doubted that until judgment is finally entered the relation of husband and wife continues, with the obligation resting on the husband to support his wife and to pay for her necessities. The learned counsel for the plaintiff claims however that the opening of the default was a matter of favor, and therefore that the imposition of terms was authorized by section 724 of the Code, in the discretion of the court. We have recently held, however, in the case of Mott v. Mott, 134 App. Div. 569, 119 N. Y. Supp. 483, in substance that the strict rules relating to defaults should not be applied to actions for divorce, because of the well-known vigilance of the courts to prevent collusion and because of the general interest of the people of the state in the preservation of the matrimonial status of its citizens. As was said in Henderson v. Henderson, 83 App. Div. 449, 451, 82 N. Y. Supp. 444, 445:

"The rule governing the opening of defaults in ordinary actions involving a mere pecuniary liability should not be rigorously applied to actions of this character."

Moreover, section 724 of the Code of Civil Procedure expressly limits the discretion of the court to the imposition of "such terms as justice requires." Justice never requires a sham, and it would be a mere sham to give a litigant, who is penniless and lawfully dependent upon her adversary for support, the right to a trial of her action conditioned upon the payment by her to her adversary of a sum of money which she does not possess. In any event, it would be unjust to impose upon a married woman the burden of a heavy pecuniary payment as a penalty for the privilege of defending her honor in a court of justice.

The order should be modified by striking out the provision imposing terms.

WOODWARD and RICH, JJ., concur.

BURR, J. (dissenting). This action is brought for a divorce upon the ground of defendant's adultery. On January 28, 1910, an interlocutory judgment was taken by default. On February 15, 1910, defendant moved to set aside such interlocutory judgment upon the ground that she had never been served with the summons. The court at Special Term decided against her upon this point, but permitted her to answer as matter of favor, upon payment of the costs of the action, together with $10 costs of the motion. The only question here presented is as to the imposition of costs as a condition of granting the favor.

While it is somewhat unusual to impose costs upon a woman in a matrimonial action, it is within the power of the court (Code Civ. Proc. §§ 724, 1769, 1774), and I do not think defendant should complain. In my opinion the learned court at Special Term would have been entirely justified in denying her application altogether. She committed perjury in swearing that she had not been served with the summons and complaint. A woman who would commit perjury respecting this would probably not hesitate to commit perjury about the merits of the action, if she thought that she could safely do so. The only reference to merits contained in defendant's moving papers is to the effect that she has "a good, substantial, and meritorious defense to any action for absolute divorce that my husband may bring against me." She not only fails to swear that she has stated the facts to her counsel in respect to the present action, and that he has advised her that she has a good and substantial defense upon the merits to the same, but the language of her affidavit, strictly construed, would apply not to this present action, but to one subsequently to be brought.

But beyond a criticism upon the mere form of words is the fact that, although she must have known from the complaint on file and the evidence taken, at the time that the interlocutory judgment was rendered, the name of the person with whom it is charged that she committed adultery, she neither denies such adultery herself nor produces any affidavit from the corespondent denying the same. If this action were still pending, upon such an affidavit no court would grant either alimony or counsel fee.

It appears that the defendant had previously brought an action for separation against the plaintiff, which is still pending, in which alimony was allowed to her during the pendency thereof. It appears without dispute that that alimony was regularly paid up to the time when plaintiff began this action upon the ground of defendant's adultery. After securing evidence of such adultery, he was probably justified in refusing to pay further alimony in the separation action; but in any event her remedy for such failure, if she has any, is by motion in that action. It does not appear by satisfactory evidence that plaintiff is unable to comply with the terms imposed by the order permitting her to come in and defend as matter of favor. The costs in the action outside of disbursements could not exceed $25, and the expense incurred by her in printing this record would be nearly, if not quite, sufficient to pay the same.

Upon the whole case, I think that the discretion of the court at Special Term was wisely exercised, and that the order appealed from should be affirmed, with $10 costs and disbursements.

CARR, J., concurs.