REGINE MILNER, Appellant, v. HENRY B. MILNER, Respondent.

MEMORANDUM BY THE COURT. This is a matrimonial action. The default on the part of plaintiff was not willful. Accordingly, the court in the exercise of its discretion should have granted plaintiff's application to open her default and to restore the action to the Special Term calendar for trial (Price v. Price, 228 App. Div. 796 [2d Dept.]; Mott v. Mott, 134 App. Div. 569 [2d Dept.]).

Order reversed, with $10 costs and disbursements to the appellant, and the motion granted.

PECK, P. J. (dissenting). I dissent and vote to affirm.

Aside from the fact that there have been laches and inexcusable failure to proceed with the action, there is no apparent likelihood of plaintiff's success in the action. The parties have been separated since 1940, the defendant residing in this country and the plaintiff in France. Defendant procured a divorce in Nevada in 1946. Plaintiff instituted this action in 1947 but has not prosecuted it. There are no indications even now that she would or could come to this country for the trial, and her belated prosecution of the action would require a delving into the stale facts of a remote controversy and an attack upon the Nevada decree of divorce. Her challenge to that decree rests upon a claim that defendant was not domiciled in Nevada at the time and that the Nevada court did not acquire jurisdiction.

Without entering upon a full consideration of the circumstances under which a nonresident might attack a foreign divorce decree in our courts, I think that the attack should not be entertained in this case or the litigation revived by opening plaintiff's default.

Dore, Cohn and Callahan, JJ., concur in Memorandum by the Court; Peck, P. J., dissents and votes to affirm, in opinion.

Order reversed, with $10 costs and disbursements to the appellant, and the motion granted.