■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH CAVALCANTE, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant of a violation of subdivision 2 of section 196 of the Labor Law, on his plea of guilty, and sentencing him to serve 60 days, and from said sentence. Judgment modified on the facts by reducing the sentence to the time already served, and as so modified, judgment unanimously affirmed. Under the circumstances, the sentence, in our opinion, was excessive. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

■ JOHN SPATH et al., Respondents, v. ALFONSO SOMMA, Defendant, and ANTHONY POLISTENA et al., Appellants. ALPHONSE SOMMA, Plaintiff, v. JAMES L. MACKAVANAGH et al., Defendants.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from so much of an order as grants a motion for a preference. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ GRACE STANKEVITZ, Appellant, v. RICHARD STANKEVITZ, Respondent.— In an action by a wife for separation, in which her husband counterclaimed for separation, the appeal is from an order granting appellant's motion to vacate the dismissal of the complaint and the inquest on the counterclaim insofar as said order (1) directs appellant to pay $25 motion costs, (2) denies so much of the motion as sought to stay respondent from proceeding to trial on the counterclaim until he complied with the order directing him to pay temporary alimony and a counsel fee and (3) denies so much of the motion as sought an order directing the respondent to pay $50 as an additional counsel fee for the attempted service of a copy of the order awarding temporary alimony and a counsel fee. While the motion sought to stay respondent from bringing the action on for trial until he complied with the order as to temporary alimony and counsel fees, the appellant limits that portion of the appeal to a request that the respondent be stayed from proceeding to trial on his counterclaim. Order affirmed, without costs. The order awarding temporary alimony and a counsel fee provided that the first payment of temporary alimony was to be made on the return date of the motion, that "any sums that are accrued and due are to be paid within ten (10) days after service of a copy of this order" upon respondent, that one half of the counsel fee shall be paid within 10 days "from the service of a copy of this order hereon" upon respondent and the balance on or before the day of trial. No copy of the order had been served upon respondent or his attorney prior to the making of the instant motion. Appellant did not make a showing of destitution or inability to pay the $25 costs and has paid those costs. Under the circumstances shown in this record, the discretion of the Special Term was not abused (Green v. Green, 276 App. Div. 778, motions for reargument and leave to appeal denied, 276 App. Div. 847; Friedman v. Friedman, 216 App. Div. 348; cf. Fox v. Fox, 143 App. Div. 483). Wenzel, Acting, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.