■ RICHARD RAPP, Respondent, v URSULA RAPP, Appellant.—In an action in which a judgment of divorce was entered in favor of the plaintiff husband upon defendant's default, defendant appeals from an order of the Supreme Court, Suffolk County, dated March 11, 1977, which denied her motion to vacate the said judgment. Order affirmed, without costs or disbursements. There was no improvident exercise of discretion by Special Term in refusing to vacate the appellant's default; appellant failed to establish that "the default * * * was not willful" (see *Milner v Milner,* 281 App Div 666), or that her nonappearance was an "honest mistake" (see *Cachinski v Cachinski,* 278 App Div 769), or that the "interests of justice" compel vacatur (see *Pollick v Pollick,* 281 App Div 765). Furthermore, the plaintiff husband's death, occurring less than two days after the judgment of divorce, bars further prosecution of the action in the event of a reversal and would be tantamount to granting appellant summary judgment dismissing the action for divorce. We note, further, as did Special Term, that the parties' infant's rights in any potential death action can be amply protected by the administratrix, who is also the guardian of the infant's property. Titone, J. P., Hawkins, Suozzi and Mollen, JJ., concur.

■ HOWARD F. ROBINS, Respondent, v SUSAN ROBINS, Appellant.—In an action in which a judgment of divorce was entered, defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, entered April 28, 1977, as, after a hearing, granted plaintiff's motion for a downward modification of alimony payments. Order affirmed insofar as appealed from, without costs or disbursements. Plaintiff showed a change in circumstances sufficient to warrant a downward modification. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.