■ VITO GAGLIO, Appellant, v NANCY GAGLIO, Respondent.—In a matrimonial action, plaintiff appeals from an order of the Supreme Court, Queens County, entered September 27, 1977, which, after a hearing, granted defendant's motion (1) pursuant to CPLR 5015 to vacate a default judgment of divorce entered in favor of plaintiff and (2) for leave to serve a proposed answer with counterclaims for divorce. Order reversed, on the law and the facts, without costs or disbursements, and motion denied. The hearing court found that the verified complaint and note of issue had not been served upon the defendant wife. Although we hestitate to disturb findings based on conflicting evidence and involving credibility of witnesses, a fair interpretation of the evidence compels a reversal. With respect to service of the verified complaint, the only evidence supporting the hearing court's finding is defendant's claim that she had not been served. However, the affidavit of service states that the complaint was sent to "attorney(s) for Defendant" and plaintiff's attorney stated that after defendant discharged her counsel he considered the defendant to be acting as her own attorney. Moreover, plaintiff testified at the hearing that defendant told him that she had received the complaint. With respect to the note of issue, defendant initially claimed that she never received it, but testified at the hearing that she did not remember whether she had seen it before. Defendant's sister testified that defendant had received the note of issue in the mail at their mother's house and had opened it in front of her. We think the weight of the evidence indicates that defendant was served with the verified complaint and note of issue and, accordingly, we reverse the findings of fact to the contrary. Notwithstanding the liberal policy of vacating defaults in matrimonial actions, it was error to grant defendant's motion to vacate the default judgment of divorce where the failure to contest the divorce may have been deliberate, there was a five-month delay in moving to vacate and the plaintiff has since remarried (see *Mitsakos v Mitsakos,* 49 AD2d 767). Martuscello, Latham and Gulotta, JJ., concur; Hopkins, J. P., dissents and votes to affirm the order, with the following memorandum: I would not reverse the finding of Special Term that the complaint and note of issue had not been served on the defendant. Where the issues raised concern veracity, the court hearing the testimony and observing the witnesses must be accorded the advantage of making a determination based on the actual presence of the witnesses, as opposed to the distant evaluation of a cold record by an appellate court. Beyond this, the affidavit of service upon

which the plaintiff depends is open to serious question. That affidavit indicates that the complaint was served on the defendant's attorney by mail. The affidavit further states that the complaint was sent to "the address designated by said attorney(s) for that purpose", without describing it. The fact is that the defendant had appeared in the action by an attorney who had demanded service of the complaint upon him. The complaint concededly was not served on him. The plaintiff seeks to excuse this neglect on the ground that the defendant had discharged her attorney and that the complaint was mailed to the defendant. That is not what the affidavit says, nor does the affidavit show the defendant's residence as the address to which the complaint was sent. In the face of this glaring omission, the claim of the defendant that she had not received the complaint was entitled to be credited by Special Term. Significantly, even assuming that the plaintiff followed the procedure of serving the defendant by mail, the procedure was defective because the provisions of CPLR 321 (subd [b]) were not adhered to, rendering the claimed service, especially in a matrimonial action, of doubtful efficacy (cf. *Hess v Tyszko,* 46 AD2d 980).