■ Martin Glantz, Appellant, v Rochelle Glantz, Respondent. — In a matrimonial action, the plaintiff husband appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated September 27, 1982, which denied his motion to, *inter alia,* vacate the child custody, child support and maintenance provisions of a default judgment of divorce of the same court, entered June 11, 1982. Order affirmed, with costs. The record indicates that in October, 1981, during the pendency of this action, plaintiff moved with the three sons of the parties to Dallas, Texas, after which he deliberately refused to communicate or co-operate with the courts of this State or with his New York attorney. Plaintiff's willful failure to prosecute his action and to defend against the defendant's counterclaim amply warranted the striking of his pleadings and the scheduling of an inquest. Although plaintiff's New York counsel wrote to him by certified mail, return receipt requested, to inform him of the date of the inquest, plaintiff failed to appear. There is no better evidence that plaintiff did have actual notice of the date of the inquest than the fact that he sent a process server to the courthouse where it was being held to serve defendant with a summons in a custody action that he had instituted in Texas. There was sufficient evidence presented at the inquest to support the determination of the court to award custody of the children of the parties to the defendant and to provide for their support and her maintenance in the manner set forth in the judgment of divorce. Therefore the court properly denied plaintiff's motion to, *inter alia,* vacate certain provisions of the judgment of divorce. We note that plaintiff has recently moved to modify the child custody provisions of the judgment of divorce, based upon changes in the circumstances of the parties and their children since the date that judgment was entered. A hearing has been ordered held on that motion in the Supreme Court, Suffolk

County, and should be held forthwith. We have considered the plaintiff's other contentions and find them to also be without merit. Brown, J. P., Niehoff, Rubin and Boyers, JJ., concur.