■ POLLY W. CANDELORO, Respondent, v ROBERT S. CANDELORO, Appellant.—In a matrimonial action, in which the parties were divorced by judgment dated February 7, 1986, the defendant husband appeals from an order of the Supreme Court, Nassau County (Morrison, J.), entered July 14, 1986, which denied, without a hearing, his motion to vacate the judgment of divorce.

Ordered, that the order is affirmed, with costs.

Although this court has embraced a liberal policy with respect to vacating default judgments in matrimonial actions *(see, Hegarty v Hegarty,* 48 AD2d 891; *Antonovich v Antonovich,* 84 AD2d 799), the opening of a default is discretionary with the hearing court and under the facts of this case, the court did not abuse its discretion.

The record amply indicates that the defendant never submitted an answer and deliberately failed to communicate or cooperate with his attorney or the court in the defense of this matter. It is further evident from the record that over one year elapsed wherein repeated attempts were made by the defendant's attorney to communicate with his client but to no

avail. We find that the defendant was adequately apprised of the imminence of the proceedings when his attorney forwarded copies of the pleadings to him via certified mail. Despite his attorney's admonitions that the case was about to be placed on the Uncontested Matrimonial Calendar and a warning issued that he would seek to be relieved from his representation of the defendant in the action unless the defendant contacted him within five days, the defendant did nothing with regard to the matter. As the defendant has failed to offer a valid excuse for his failure to defend this action, we find that Special Term's refusal to vacate the default judgment was not an improvident exercise of discretion (see, Glantz v Glantz, 95 AD2d 796; Gaglio v Gaglio, 63 AD2d 667; Rapp v Rapp, 59 AD2d 737).

Since the defendant's counsel neither executed a stipulation to change attorneys nor made a motion to the court to be relieved, his representation of the defendant continued. Therefore, notice of the date of the inquest to the attorney was adequate and sufficient notice as to the defendant (see, CPLR 321; Moustakas v Bouloukos, 112 AD2d 981). The defendant's bald assertion of pro se status is without legal sufficiency and did not serve to relieve the defendant from his duty to appear at the inquest.

As the papers submitted by the parties sufficiently detailed the contentions of the parties, it was not error for Special Term to have rendered its decision without an evidentiary hearing. Niehoff, J. P., Mangano, Bracken and Eiber, JJ., concur.