■ DORINA QUIRINDONGO, Respondent, v JOHN QUIRINDONGO, Appellant.—In a matrimonial action in which the parties were previously divorced, the defendant husband appeals from an order of the Supreme Court, Nassau County (Winick, J.), entered January 21, 1988, which denied his motion to vacate (1) an order of the same court (McGinity, J.), dated December 17, 1980, granting the plaintiff wife pendente lite relief, (2) a judgment of the same court (Winick, J.), entered April 6, 1987, awarding the wife arrears in maintenance and child support, and (3) the judgment of divorce entered September 10, 1987.

Ordered that the appeal from so much of the order as denied those branches of the defendant's motion which were to vacate the order entered December 17, 1980, and the judgment entered April 6, 1987, is dismissed, as those branches of the motion were, in effect, for reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded costs.

The plaintiff commenced an action for divorce on or about September 26, 1979. On December 17, 1980, the Supreme Court, Nassau County (McGinity, J.), ordered the defendant to

pay the plaintiff pendente lite support for herself and the parties' children. Thereafter, the wife moved for leave to enter a money judgment for arrears in alimony and child support. On March 25, 1987, the court granted that motion. A judgment was entered on the order on April 6, 1987. Those branches of the defendant's motion which sought vacatur of the order entered December 17, 1980, and the judgment entered on April 6, 1987, amounted to requests to reargue that order and judgment. The Supreme Court denied those branches of this motion. Since no appeal lies from an order denying reargument, the appeal with respect to those branches of the motion must be dismissed *(see, DeFreitas v Board of Educ.,* 129 AD2d 672).

Finally, we address that branch of the defendant's motion which sought vacatur of the divorce judgment based on his default. It is uncontested that the defendant was adequately apprised of the imminence of the proceedings and had an attorney throughout this protracted matrimonial action *(see, Candeloro v Candeloro,* 133 AD2d 731). Notwithstanding the liberal policy of vacating defaults in matrimonial actions, the record establishes that in addition to being uncooperative with his attorney, the defendant had failed to comply with the December 12, 1980 order awarding pendente lite maintenance and support, and conveyed his interest in the marital home to his mother in May 1981. In addition, the defendant did not set forth a meritorious defense. Under these circumstances, we hold that the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendant's motion which sought vacatur of the divorce judgment. Rubin, J. P., Kooper, Spatt and Balletta, JJ., concur.