■ JAMES O'DONNELL, Respondent, v LENORA O'DONNELL, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered June 28, 1989, as, upon her default in appearing for trial, awarded the plaintiff husband custody of the parties' children with visitation to the defendant, and distributed the parties' property. The appeal brings up for review an order of the same court, dated June 22, 1989, which denied the defendant wife's motion to vacate her default in appearing for trial *(see, James v Powell,* 19 NY2d 249; *Katz v Katz,* 68 AD2d 536).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In this matrimonial action, the defendant wife failed to appear, as directed, for trial. The court thereupon granted the plaintiff husband's request for an inquest and the wife's attorney left the courtroom. An inquest was then taken at which the court found that the husband was entitled to a judgment of divorce on the ground of cruel and inhuman treatment. The court then heard testimony with respect to custody of the parties' two children, and equitable distribution of the marital residence. Following that testimony, the court awarded temporary custody of the children to the husband.

The wife moved to vacate her default, although she did not contest the granting of the divorce. The motion was denied on the ground that the wife had failed to establish an adequate excuse for her default. A judgment was subsequently entered granting the husband a divorce, awarding him custody of the children, awarding the wife visitation, and ordering the sale of the marital residence, with the net proceeds to be divided equally between the parties.

Since the defendant wife defaulted in appearing for trial and her attorney did not participate at the inquest, the sole issue before us is whether the trial court properly denied her motion to vacate her default (see, CPLR 5511; *Katz v Katz, supra,* at 541). The court's directive to the wife, that she appear for trial, was clear and unequivocal. We find no fault with the court for having gone forward, based on its finding that the wife's default was inexcusable. We find her reasons for nonappearance to be unpersuasive. Those explanations are wholly insufficient to override the obligation of the court to conduct the trial in a timely manner, as scheduled. Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.