■ JANICE S. KOSLOSKY, Respondent, v ANDREW J. KOSLO-SKY, Appellant. [699 NYS2d 912] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Price, J.), dated November 25, 1998, which denied his motion, in effect, to vacate a judgment of the same court entered September 3, 1998, upon his default in appearing and answering.

Ordered that the order is affirmed, with costs.

At a hearing to determine whether the defendant was personally served with process at his home on October 8, 1997, the conflicting testimony presented a question of credibility which the court resolved in favor of finding service. This determination, made with the opportunity to observe the witnesses' demeanor, is entitled to deference on appeal and we will not disturb it (*see, Altman v Wallach,* 104 AD2d 391, 392).

Despite the liberal policy with respect to vacatur of defaults in matrimonial actions, "it is still incumbent upon the moving party to show a reasonable excuse for the default (i.e., that it was neither intentional nor willful) and the existence of a meritorious defense" (*Kellerman v Kellerman,* 203 AD2d 533, 534; *Estate of Allen v Allen,* 258 AD2d 423). The defendant did not offer a reasonable excuse for his default. Thus, the Supreme Court providently exercised its discretion in denying his motion, in effect, to vacate the judgment entered on his default (*see, Baruch v Baruch,* 224 AD2d 649; *O'Donnell v O'Donnell,* 172 AD2d 654; *Rapp v Rapp,* 59 AD2d 737).

The defendant's remaining contentions are without merit. O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.