■ In the Matter of CRAIG JOOSTEN, SR., Appellant, v CAROL JOOSTEN, Also Known as CAROL BOOTHE, Respondent. [820 NYS2d 899]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Jaeger, J.), dated May 2, 2005, which denied his motion pursuant to CPLR 5015 (a) to vacate an order of the same court (DeMaro, J.) dated December 9, 2004, which, upon his default in appearing, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

To vacate a judgment entered upon a default, the movant must demonstrate the existence of a reasonable excuse for the default and, a meritorious defense (*see Matter of Oliphant v Oliphant*, 21 AD3d 376 [2005]; *Koslosky v Koslosky*, 267 AD2d 357 [1999]; *Rolston v Rolston*, 261 AD2d 377 [1999]; *Gorsky v Gorsky*, 148 AD2d 674 [1989]).

On October 14, 2004 during a conference at which the father was present, the Family Court directed an unequivocal December 9, 2004 hearing date. On December 9, 2004, however, the father's counsel announced that the father was "refusing to come to court," and the Family Court granted the joint application of the mother and the Law Guardians to dismiss the petition.

The father's conclusory and unsubstantiated assertion that his attorney had informed him that he was not required to appear on December 9, 2004 is unpersuasive, inadequate to constitute a reasonable excuse for the default and "wholly insufficient to override the obligation of the court to conduct the [hearing] in a timely manner" (*O'Donnell v O'Donnell*, 172 AD2d 654, 655 [1991]). Accordingly, under the circumstances, the father

failed to demonstrate a reasonable excuse for his default. The Family Court providently exercised its discretion in denying the father's motion to vacate the December 9, 2004 order entered upon his default in appearing (*see Matter of Oliphant v Oliphant, supra*; *Koslosky v Koslosky, supra; Benito v Childs*, 253 AD2d 474 [1998]; *O'Donnell v O'Donnell, supra* at 655). Adams, J.P., Krausman, Fisher and Dillon, JJ., concur.