— In related family offense proceedings pursuant to Family Court Act article 8, Bill Ian Jurow appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (Eisman, J), dated March 26, 2007, as denied those branches of his motion which were to vacate an order of protection of the same court dated December 15, 2006, and an order of the same court dated December 22, 2006, dismissing the family offense proceedings against Karen Cahill, both entered upon his default in appearing at a scheduled court conference.
Ordered that the appeal from so much of the order dated March 26, 2007, as denied that branch of the motion of Bill Ian Jurow which was to vacate the order of protection dated December 15, 2006, is dismissed as academic, without costs or disbursements; and it is further,
Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.
The order of protection, which was not predicated upon an adverse finding against Bill Ian Jurow, expired by its own terms on December 15, 2007. Under these circumstances, the appeal from so much of the order as denied that branch of Jurow’s motion which was to vacate the order of protection must be dismissed as academic (see Matter of Schreiber v Schreiber, 2 AD3d 1094, 1095 [2003]).
To succeed on that branch of his motion which was to vacate the order dismissing the family offense proceedings he commenced against Karen Cahill, Jurow was required to demonstrate a reasonable excuse for the default and a meritorious *560 cause of action (see Matter of Dellagatta v McGillicuddy, 31 AD3d 549, 550 [2006]; Matter of Butterworth v Sperber, 6 AD3d 530, 531 [2004]). However, Jurow failed to satisfy that standard (cf. Matter of Joosten v Joosten, 32 AD3d 1030 [2006]).
Jurow’s remaining contentions are without merit. Mastro, J.E, Rivera, Covello and Leventhal, JJ., concur.